# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 17-1062V
### Filed: December 20, 2018
UNPUBLISHED

---

MICHAELANNE GRAEFF,

                Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

                Respondent.

---

Special Processing Unit (SPU);
Attorneys' Fees and Costs

---

*Robert H. Pedroli, Jr., Pedroli & Gauthier, LLC, Clayton, MO, for petitioner.*
*Justine Elizabeth Walters, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

On August 4, 2017, Michaelanne Graeff ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that she suffered from a shoulder injury related to vaccine administration ("SIRVA") as a result of receiving an influenza ("flu") vaccine to her left shoulder on September 22, 2015. Petition at 1. On October 17, 2018, the undersigned issued a decision awarding compensation to petitioner based on the respondent's proffer. ECF No. 34.

---

[1] The undersigned intends to post this decision on the United States Court of Federal Claims' website. **This means the decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished decision contains a reasoned explanation for the action in this case, undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On November 19, 2018, petitioner filed a motion for attorneys' fees and costs. ECF No. 39.   Petitioner requests attorneys' fees in the amount of $33,920.00[3] and attorneys' costs in the amount of $2,408.20.  *Id.* at 35.  In compliance with General Order #9, petitioner filed a signed statement indicating that petitioner incurred no out-of-pocket expenses.  ECF No. 38.  Thus, the total amount requested is $36,328.20.

On November 30, 2018, respondent filed a response to petitioner's motion.  ECF No. 42.   Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs."  *Id.* at 1.  Respondent adds, however, that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case."  *Id.* at 2.  Respondent "respectfully recommends that the Chief Special Master exercise her discretion and determine a reasonable award for attorneys' fees and costs."  *Id.* at 3.

Petitioner has filed no reply.

The undersigned has reviewed the billing records submitted with petitioner's request. The undersigned finds that a reduction in the amount of fees to be awarded required for the reasons listed below.

## I.      Legal Standard

Under the Vaccine Act, the special master shall award reasonable attorneys' fees and costs for any petition that results in an award of compensation.  42 U.S.C. § 300aa-15(e)(1).  Petitioner in this case was awarded compensation; she is therefore entitled to an award of reasonable attorneys' fees and costs.[4]

The Federal Circuit has approved use of the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1349 (Fed. Cir. 2008).  Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorneys' fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'"  *Id.* at 1347–58 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)).  Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings.  *Id.* at 1348.

---

[3] Mr. Pedroli does not state the exact amount of attorneys' fees requests. The undersigned was able to calculate this amount by adding the total overall amount requested minus the total attorney costs requested.

[4] In addition, § 300aa–15(e)(3) states that "[n]o attorney may charge any fee for services in connection with a petition filed under section 300aa–11 of this title which is in addition to any amount awarded as compensation by the special master or court under paragraph (1)."  This would include any amounts requested by counsel that the undersigned finds non-compensable.

Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316–18 (2008).  Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cl. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).  It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done."  (*Id.* at 1522).  Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond.  *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009).

An application for fees and costs must sufficiently detail and explain the time billed so that a special master may determine, from the application and the case file, whether the amount requested is reasonable.  *Bell v. Sec'y of Health & Human Servs.*, 18 Cl. Ct. 751, 760 (1989); *Rodriguez v. Sec'y of Health & Human Servs.*, No. 06–559V, 2009 WL 2568468 (Fed. Cl. Spec. Mstr. July 27, 2009).  Petitioners bear the burden of documenting the fees and costs claimed.  *Rodriguez*, 2009 WL 2568468, at *8.  Block billing, or billing large amounts of time without sufficient detail as to what tasks were performed, is clearly disfavored.  *See, e.g.*, *Broekelschen v. Sec'y of Health & Human Servs.*, No. 07-137V, 2008 WL 5456319, at *4-5 (Fed. Cl. Spec. Mstr. Dec. 17, 2008).

In determining a reasonable number of hours expended, a line-by-line evaluation of the fee application is not required.  *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl.Ct. 482, 484, *aff'd in relevant part*, 988 F.2d 131 (Fed. Cir. 1993).  Special masters may rely on their experience with the Vaccine Act and its attorneys to determine the reasonable number of hours expended.  *Id.*  Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests .... [v]accine program special masters are also entitled to use their prior experience in reviewing fee applications."  *Saxton*, 3 F.3d at 1521.

## II.   Discussion

### A.  Attorney Fees

#### 1.  Hourly Rates

The undersigned has reviewed the billing records submitted with petitioner's request. Petitioner requests compensation for her attorney, Robert H. Pedroli, Jr., at a rate of $350 per hour for time billed from 2015 – 2017. Mr. Pedroli has been licensed to practice law in the state of Missouri since 1984.  ECF No. 39-1 at 1.  The undersigned finds the requested hourly rate reasonable and awards it here in.  Mr. Pedroli billed hours classified as "staff hours" at the rate of $75.00 per hour.  ECF No. 39 at 34.  The undersigned finds this rate reasonable and awards it herein.

2.   Block Billing

As an initial matter, the undersigned notes that counsel has grouped multiple activities into single time entries which is frowned upon as it makes a line-by-line analysis nearly impossible.  *See, e.g. Riggins v. Sec'y of Health & Human Servs.*, 99-38V, 2009 WL 3319818, *23-24 (Fed. Cl. Spec. Mstr. June 15, 2009).  Attorneys are advised that "[e]ach task should have its own line entry indicating the amount of time spent on that task" and that "[l]umping together several unrelated tasks in the same time entry frustrates the court's ability to assess the reasonableness of the request." *Guidelines for Practice Under the National Vaccine Injury Compensation Program* at 68.[5]

3.   Paralegal Rates

Additionally, the undersigned notes petitioner requests compensation for certain paralegal tasks billed at an attorney rate. Attorneys may be compensated for paralegal-level work, but at a rate that is comparable to what would be paid for a paralegal.  *See, e.g. Doe/11 v. Sec'y of Health & Human Servs.*, No. XX-XXXV, 2010 WL 529425, at *9-10 (Fed. Cl. Spec. Mstr. Jan. 29, 2010) (citing *Missouri v. Jenkins*, 491 U.S. 274, 288 (1989)); *Mostovoy v. Sec'y of Health & Human Servs.*, No. 02-10V, 2016 WL 720969, at *5 (Fed. Cl. Spec. Mstr. Feb. 4, 2016); *Riggins. v. Sec'y of Health & Human Servs.*, 99-382V, 2009 WL 3319818, *20-21 (Fed. Cl. Spec. Mstr. June 15, 2009); *Turpin v. Sec'y of Health & Human Servs.*, No. 99-535, 2008 WL 5747914, *5-7 (Fed. Cl. Spec. Mstr. Dec. 23, 2008). Examples of these entries include:

November 4, 2015
- "Order medical records, locate all providers, separate out file materials"

July 26, 2017
- "Rec and review passport of petitioner and add to exhibit list and petition"

June 13, 2018
- "Conference with client to make final stylistic changes to affidavit of damages; make changes, email changes and discuss status"

August 20, 2018
- "Put together for filing and pleading"

ECF No. 39 at 3, 12 and 23 – 24.

As the billing entries are billed as blocked entries, the undersigned cannot differentiate the amount of time spent on each task that is considered paralegal work.

---

[5] *Guidelines for Practice Under the National Vaccine Injury Compensation Program,* are available on the court's website at http://www.cofc.uscourts.gov/sites/default/files/GUIDELINES-FOR-PRACTICE-4212016.pdf

### 4.  Non-Compensable Tasks

The amount of fees is also reduced for certain tasks that the Vaccine Program does not compensate for, including time spent engaged in professional development relative to Mr. Pedroli's  inexperience with the Vaccine Program.  "[I]t is inappropriate for counsel to bill time for educating themselves about basic aspects of the Vaccine Program."  *Matthews v. Sec'y of Health & Human Servs.*, No. 14-1111V, 2016 WL 2853910, at *2 (Fed. Cl. Spec. Mstr. Apr. 18, 2016).  "An inexperienced attorney may not ethically bill his client to learn about an area of law in which he is unfamiliar.  If an attorney may not bill his client for this task, the attorney may also not bill the Program for this task."  *Carter v. Sec'y of Health & Human Servs.*, No. 04-1500V, 2007 WL 2241877, at *5 (Fed. Cl. Spec. Mstr. July 13, 2007).  Mr. Pedroli spent over 12 hours learning about the program, conducting research on vaccine procedures and information on how to file with the court. Examples of these entries include:

November 3 – 5, 2015
- "Initial Research regarding the type of injury type of vaccine, type of claim and research multiple official and other websites regarding the National Vaccine Compensation Program Act"
- "National Vaccine Injury Compensation Program Shoulder Injury related to vaccine – Google Search"
- "National Vaccine Injury Compensation Program – Google Search"
- "Obtaining necessary level of competence in the compensation program as well as the particular injury in issue relating to vaccine shoulder injuries caused by injections and the Nation Vaccine Injury Compensation Program"

ECF No. 39 at 2-3 and 12.

As the billing entries are billed as blocked entries, the undersigned cannot differentiate the amount of time spent on each task that is considered non-compensable.

### 5.  .  Administrative Time

Upon review of the billing records submitted, it appears that a number of entries are for tasks considered clerical or administrative. In the Vaccine Program, secretarial work "should be considered as normal overhead office costs included within the attorneys' fee rates."  *Rochester v. U.S.*, 18 Cl. Ct. 379, 387 (1989); *Dingle v. Sec'y of Health & Human Servs.*, No. 08-579V, 2014 WL 630473, at *4 (Fed. Cl. Spec. Mstr. Jan. 24, 2014).  "[B]illing for clerical and other secretarial work is not permitted in the Vaccine Program."  *Mostovoy*, 2016 WL 720969, at *5 (citing *Rochester*, 18 Cl. Ct. at 387). At least three hours were billed under "staff time" on tasks considered

administrative including, opening files, coping documents, preparing envelopes, marking exhibits and issuing checks. Examples of these entries include:

November 4, 2015
- "Prepare letters and envelopes to order medical records and complete medical records authorizations"

August 4, 2017
- "Staff time preparing petition for filing with all attachments"

October 16, 2018
- "Various checks issued or costs entries made by bookkeeping for medical records, filing fee, expert report, supplemental expert report"

ECF No. 39 at 33 – 33.

As the billing entries are listed as blocked entries, the undersigned cannot differentiate the amount of time spent on each task that is considered administrative work.

Based on all of the reasons listed above the undersigned deems a reduction of attorneys' fees appropriate. The undersigned reduces the overall request for attorneys' fees by 10 percent.

B.  Attorney Costs

Petitioner requests reimbursement for attorney costs in the amount of $2,408.20. On November 28, 2018, the undersigned filed a scheduling order requesting Mr. Pedroli submit any and all receipts, invoices, or other proof of payment for the requested costs. ECF No. 40.  That same day Mr. Pedroli filed the requested documents.[6]  Upon review of the invoices for attorney costs the undersigned noticed several discrepancies with the requested amount and the invoices provided.

Petitioner is requesting reimbursement for $56.14 paid to Washington University for medical records and $160.51 to Ciox Records Retrieval for medical records.  ECF No. 39 at 34.  Upon review of the submitted documentation, only a total of $49.64 was paid to Washington University and $154.01 was paid to Ciox Records Retrieval.  ECF No. 41 at 22 and 24.  The undersigned reduces the request for attorney costs by $13.00, the total amount of the discrepancy.

---

[6] On November 28, 2018, the requested documents were misfiled in the CMECF system as "Decision on Remand, Bill of Costs." ECF No. 40.  However, upon review of the attached PDF the correct items were filed and listed as "Petitioner's Attorney's Invoices, Receipts and Transaction Report Demonstrating Attorney's Expenses." *Id.*

### III.   Conclusion

Based on the reasonableness of petitioner's request, the undersigned **GRANTS IN PART** petitioner's motion for attorneys' fees and costs as follows:

Requested Attorneys' Fees

**Accordingly, the undersigned awards the total of $32,923.20[7] as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel Robert H. Pedroli, Jr.**

The clerk of the court shall enter judgment in accordance herewith.[8]

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master

---

[7] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered.  Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  *See generally Beck v. Sec'y of Health & Human Servs.,* 924 F.2d 1029 (Fed. Cir.1991).

[8] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.